

# The Attorney General of Texas

December 8, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ben F. McDonald, Jr.
Executive Director
Texas Department of Community Affairs
Box 13166, Capitol Station
Austin, Texas 78711

Opinion No. H- 1275

Re: Authority of the Texas Department of Community Affairs to expend appropriated state funds on public works programs.

Dear Mr. McDonald:

You have requested our opinion regarding the authority of the Texas Department of Community Affairs to expend appropriated funds on public works programs.

You state that the City of Raymondville, pursuant to section 304 of the Public Works and Economic Development Act of 1965, 42 U.S.C., section 3153, has recently applied for federal funding of a sewer lift system to serve a nearby farm labor camp. The farm labor camp is at present being upgraded under a grant from the Farmers Home Administration. An estimated $100,000 has been budgeted for the sewer lift system, of which $15,000 has been allocated for services and the remainder for construction costs.

As a condition to the expenditure of federal funds under section 304, the state must provide matching funds equal to 25 percent of the federal contribution. The state's portion may derive from any state source, but may not include contributions by local governments or by private organizations or individuals. Thus, in order to make maximum use of the federal grant and to fund the sewer lift system in the full amount of $100,000, the state must contribute $20,000. You indicate, however, that in past projects funded under section 304, the Department of Community Affairs "has abided by the policy of contracting to reimburse local governments for only the costs of professional services," in this case $15,000. The department has not heretofore committed state funds for the reimbursement of construction costs. You ask whether it is prohibited from doing so.

In order to justify the expenditure of state funds for a particular project, the project must be statutorily authorized and must also be supported by a specific appropriation. Attorney General Opinion H-944 (1977). In

addition, the funds may be expended only in furtherance of a valid public purpose. Attorney General Opinion H-1042 (1977); Letter Advisory No. 107 (1975).

The Department of Community Affairs is empowered to

> (3) provide financial aid to local governments and combinations of local governments for programs which are authorized such assistance.

V.T.C.S. art. 4413(201), § 4. Furthermore, the department may

> apply for contract for, receive and expend for its purposes any appropriations or grants from the State of Texas, the federal government, or any other source, public or private.

Id. section 13. In our opinion, these provisions furnish ample statutory authority for the department to expend state funds for the construction of a sewer system to be owned and operated by a city government.

The current appropriations act allocates a total of $59,617,590 to the department for "Community Assistance and Resource Utilization" for fiscal 1979, including $1,358,911 for "Community and Local Development." Of the entire amount, the sum of $710,549 is to be financed from general revenue funds. Acts 1977, 65th Leg., ch. 872, at 2851. We believe that these items of appropriation furnish sufficient basis for the department to expend funds thereunder for the sewer lift project you have described.

Finally, it is also our view that the department is not prohibited from expending state funds for this purpose by virtue of article 3, section 51 of the Texas Constitution. If the project has a proper public purpose, any incidental benefit to individuals does not invalidate the expenditure of state funds. State v. City of Austin, 331 S.W.2d 737 (Tex. 1960); Barrington v. Cokinos, 338 S.W.2d 133 (Tex. 1960). In our opinion, the construction of a sewer lift system for a farm labor camp could be found to serve a valid public purpose of the State of Texas. See Housing Authority of City of Dallas v. Higginbotham, 143 S.W.2d 79 (Tex. 1940); Attorney General Opinions H-403, H-257 (1974); H-109 (1973); Letter Advisory No. 107 (1975). We conclude therefore that the Department of Community Affairs is not prohibited from expending state matching funds for the construction of a sewer lift system, owned and operated by a city, and serving a farm labor camp.

### S U M M A R Y

> The Department of Community Affairs is not prohibited from expending state matching funds for the construction of a sewer lift system, owned and operated by the City of Raymondville, and serving a farm labor camp.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn